IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELVIN LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO: 2:22-cv-1425-SGC |
| JAMAS TECHNOLOGY, INC., | ) ) ) |
| Defendant. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jamas Technology, Inc. (hereinafter "Jamas" or "Defendant"), by and through its undersigned counsel, answers and asserts its affirmative defenses to the Complaint of Plaintiff Kelvin Lewis (hereinafter "Lewis" or "Plaintiff").

### I.   NATURE OF THE CASE

1. This paragraph does not require a response from Jamas. To the extent a response is required, Jamas denies that Jamas subjected Lewis to racial discrimination or retaliation in violation of any federal laws.

### II.   JURISDICTION AND VENUE

2. Jamas admits that this Court has subject matter jurisdiction.

3. Jamas admits that venue is proper in the Northern District of Alabama.

## III. PARTIES

4. Jamas admits the allegations in Paragraph 4 on information and belief.

5. Jamas admits the allegations in Paragraph 5.

6. Jamas admits that it formerly employed Lewis and that Jamas was subject to Title VII at the time that it employed Lewis. Except as thusly admitted, Jamas denies the allegations in Paragraph 6.

## IV. CONDITIONS PRECEDENT

7. Jamas admits the allegations in Paragraph 7.

8. Jamas admits that the EEOC issued a Determination and Notice of Rights on August 11, 2022. Jamas is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8.

9. Jamas admits the timeliness of the lawsuit, on information and belief.

10. Jamas admits that Lewis exhausted administrative remedies with the EEOC with respect to his allegations against Jamas. Except as thusly stated, Jamas denies the allegations in Paragraph 10.

11. To the extent that a response is required to this paragraph, Jamas denies the allegations in Paragraph 10.

## V.   FACTUAL ALLEGATIONS

12. Jamas admits the allegations in Paragraph 12.

13. Jamas denies the allegations in Paragraph 13.

14. Jamas admits the allegations in Paragraph 14 but clarifies that it did not, at the time relevant to Lewis's Complaint, provide labor for any local mine other than Warrior Met Coal.

15. Jamas admits the allegations in Paragraph 15.

16. Jamas denies the allegations in Paragraph 16 as worded; during Lewis's employment, Jamas did not have any qualified non-white employees with the required amount of underground labor experience to meet the qualifications for underground shift leader or supervisor.

17. Jamas admits the allegations of Paragraph 17 on information and belief.

18. Jamas admits that the lead foreman position was vacant at various times in Lewis's tenure with Jamas. Except as thusly admitted, Jamas denies the allegations in Paragraph 18 as worded.

19. Jamas denies the allegations in Paragraph 19 as worded. At no time during his employment was Lewis qualified for a lead position. Further, Jamas did not "pass the lead position down" to anyone if there was no qualified person already employed by Jamas.

20. Jamas admits that Lewis did not receive a change in title. Jamas admits that Lewis may have been asked to carry signed paperwork between Jamas and Warrior Met, including communicating with Warrior Met. Except as thusly admitted, Jamas denies the allegations in Paragraph 20 as worded.

21. Jamas admits that the former lead was rehired around <u>July</u> 2020 and that the former lead was previously fired for absenteeism. Except as thusly admitted, Jamas denies the allegations in Paragraph 21.

22. Jamas denies that Lewis had "put his time in and was qualified." Jamas is otherwise without sufficient information to admit or deny the allegations in Paragraph 22.

23. Jamas admits that Lewis received raises at appropriate times when Lewis was due to receive a raise. Jamas denies that Lewis "continued his work as before," because the allegation is vague. Except as thusly admitted or denied, Jamas is without sufficient information to admit or deny the remaining allegations in Paragraph 23.

24. Jamas admits that it fired the lead foreman described in Paragraph 22 a few weeks after Jamas had rehired him. Jamas admits that Lewis's pay and title did not change upon the firing of the lead foreman. Jamas admits that Lewis may have been asked to carry signed paperwork between Jamas and Warrior Met. Except as thusly admitted, Jamas denies the allegations in Paragraph 24 as worded.

25. Jamas admits that in August 2020, it hired another new lead foreman. Except as thusly admitted, Jamas denies the remaining allegations in Paragraph 25.

26. Jamas admits on information and belief that at some time around August 26, 2020, Ray Wilson visited the site at Warrior Met Coal and met the newly

hired lead foreman. Jamas admits that it was and should have been clear that the new person was hired to be the lead foreman. Except as thusly admitted, Jamas denies the allegations in Paragraph 26.

27. Jamas is without sufficient information to admit or deny the allegations in Paragraph 27.

28. Jamas is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28.

29. Jamas admits that Lewis, speaking to his peers and to the new foreman and to other people working underground who were not Jamas's employees but who could hear Lewis speaking, accused Jamas and its principals and management of being racist. Jamas is without sufficient knowledge or information to admit or deny what Lewis subjectively thought. Except as thusly admitted, the allegations in Paragraph 29 are denied.

30. Jamas admits that Lewis had to come above ground following his shift. Except as thusly admitted, the allegations in Paragraph 30 are denied.

31. Jamas admits that Blaine Wilson sent a text message to Lewis following the shift. Except as thusly admitted, Jamas is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31.

32. Jamas admits the allegations in Paragraph 32 as worded but denies that Lewis was ever in fact in a lead foreman role.

## VI.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### TITLE VII – RACE DISCRIMINATION
### (Disparate Treatment)

33. Jamas adopts and realleges its admissions and denials to Paragraphs 1-32 as if fully restated here.

34. Jamas denies the allegations in Paragraph 34.

35. Jamas denies the allegations in Paragraph 35

36. Jamas denies the allegations in Paragraph 36.

Jamas denies that Lewis is entitled to any of the relief sought in Count One.

### COUNT TWO
### TITLE VII – RACE DISCRIMINATION
### (Termination)

37. Jamas adopts and realleges its admissions and denials to Paragraphs 1-36 as if fully restated here.

38. Jamas denies the allegations in Paragraph 38.

39. Jamas denies the allegations in Paragraph 39.

40. Jamas denies the allegations in Paragraph 40.

Jamas denies that Lewis is entitled to any of the relief sought in Count Two.

## COUNT THREE
## TITLE VII – RETALIATION

41. Jamas adopts and realleges its admissions and denials to Paragraphs 1-40 as if fully restated here.

42. Jamas denies the allegations in Paragraph 42.

43. Jamas is without sufficient information to admit or deny what Lewis subjectively believed.

44. Jamas denies the allegations in Paragraph 44 as worded.

45. Jamas denies the allegations in Paragraph 45.

Jamas denies that Lewis is entitled to any of the relief sought in Count Three.

## COUNT FOUR
## 42 U.S.C. § 1981 – RACE DISCRIMINATION
### (Disparate Treatment)

46. Jamas adopts and realleges its admissions and denials to Paragraphs 1-45 as if fully restated here.

47. Jamas denies the allegations in Paragraph 47.

48. Jamas denies the allegations in Paragraph 48.

Jamas denies that Lewis is entitled to any of the relief sought in Count Four.

## COUNT FIVE
## 42 U.S.C. § 1981 – RACE DISCRIMINATION
### (Termination)

49. Jamas adopts and realleges its admissions and denials to Paragraphs 1-48 as if fully restated here.

50. Jamas denies the allegations in Paragraph 50.

51. Jamas denies the allegations in Paragraph 51.

Jamas denies that Lewis is entitled to any of the relief sought in Count Five.

## COUNT SIX
## 42 U.S.C. § 1981 – RETALIATION

52. Jamas adopts and realleges its admissions and denials to Paragraphs 1-51 as if fully restated here.

53. Jamas denies the allegations in Paragraph 53.

54. Jamas is without sufficient information to admit or deny what Lewis subjectively believed.

55. Jamas denies the allegations in Paragraph 55 as worded.

56. Jamas denies the allegations in Paragraph 56.

Jamas denies that Lewis is entitled to any of the relief sought in Count Six.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

## First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

## Second Defense

All actions of Defendant regarding Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory considerations.

## Third Defense

Subject to proof through discovery, some or all of the claims asserted by Plaintiff are barred by the doctrines of unclean hands, in pari delicto, or both.

## Fourth Defense

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust his administrative remedies or failed to comply with any procedural perquisites prior to bringing his claims against Defendant.

## Fifth Defense

Any alleged adverse employment action taken by Defendant that might constitute a violation of federal law was taken without any knowledge, understanding, or appreciation of any risk that Defendant's employment actions were in violation of federal law.

### Sixth Defense

In all employment decisions concerning Plaintiff, Defendant engaged in good faith efforts to comply with applicable federal law.

### Seventh Defense

Plaintiff did not engage in statutorily protected activity when he behaved insubordinately and slandered Defendant to other employees and third parties.

### Eighth Defense

Plaintiff's claims, or some of them, fail to the extent they are barred by the statute of limitations.

### Ninth Defense

Plaintiff's claims are barred to the extent that he failed to mitigate his alleged damages, his entitlement to which is expressly denied.

### Tenth Defense

Subject to proof through discovery, Plaintiff's claimed damages are limited by, or Defendant's liability is precluded by, after-acquired evidence of Plaintiff's wrongdoing sufficient to justify any adverse employment action with respect to Plaintiff.

### Eleventh Defense

Plaintiff's claims for damages are limited, in whole or in part, by statute, including, but not limited to, 42 U.S.C. § 1981a.

## Twelfth Defense

Plaintiff's claims, or some of them, fail to state a claim upon which relief can be granted.

## Thirteenth Defense

Plaintiff's claims are barred because Plaintiff did not sustain any damages as a proximate result of any wrongdoing by Defendant.

## Fourteenth Defense

Plaintiff cannot prove any discriminatory, retaliatory, or unlawful conduct by Defendant; alternatively, even if Plaintiff could prove discriminatory, retaliatory, or unlawful conduct by Defendant, which Plaintiff cannot, Defendant would have made the same decisions and taken the same actions in the absence of any alleged discriminatory, retaliatory, or unlawful motive.

## Fifteenth Defense

Some or all of the purported claims in the Complaint are barred or some or all of the forms of relief sought in the Complaint are limited in whole or in part because any actions or omissions which may be deemed in violation of applicable law were not willful.

## Sixteenth Defense

Plaintiff cannot prove that his race was the reason for, or a motivating factor in, any adverse employment action.

### Seventeenth Defense

Plaintiff cannot prove that his alleged protected conduct was the reason for, or a motivating factor in, any adverse employment action.

### Eighteenth Defense

Plaintiff is barred from the recovery of special damages because he has failed to plead such damages in a manner required by Fed. R. Civ. P. 9(g).

### Nineteenth Defense

Any award of punitive damages in this case would violate constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Twentieth Defense

Plaintiff's claims are, or may be, barred by the doctrines of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, waiver, or release.

### Twenty-First Defense

Plaintiff's Title VII claims are due to be dismissed to the extent that they are not like or related to claims that were the subject of a timely Charge of Discrimination filed with the EEOC.

### Twenty-Second Defense

Plaintiff's claims, or some of them, fail to the extent they are based on conduct or employment actions that occurred more than 180 days prior to the date Plaintiff filed a Charge of Discrimination with the EEOC.

### Twenty-Third Defense

Plaintiff's claims for injunctive and declaratory relief are moot.

### Twenty-Fourth Defense

Plaintiff was not eligible for promotion because he lacked underground mining experience required by federal regulations. *See* Code of Federal Regulations Title 30 Part 48.

### Twenty-Fifth Defense

Plaintiff's claims fail to the extent that Defendant may not qualify as an employer under Title VII or 42 U.S.C. § 1981.

### Twenty-Sixth Defense

Defendant has not treated any comparator more favorably.

### Twenty-Seventh Defense

Plaintiff's claims fail because Defendant's alleged misconduct was based on bona fide, job-related factors based on merit and/or seniority.

### Twenty-Eighth Defense

Defendant reserves the right to assert additional defenses during discovery.

Respectfully submitted this 17th day of January, 2023.

>*/s/ Ben B. Robinson*
>Ben B. Robinson
>brobinson@wallacejordan.com
>Jonathan A. Griffith
>jgriffith@wallacejordan.com
>*Attorneys for Defendant  Jamas Technology, Inc.*

**OF COUNSEL:**
**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, Alabama  35253
Voice: (205) 870-0555

## CERTIFICATE OF SERVICE

The foregoing is filed and served using the Court's CM-ECF filing system, which will effect service of process on all counsel of record.

*/s/ Ben B. Robinson*
OF COUNSEL
